NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELA CASTILLO-SANTANA, | No. 22-1220 |
| Petitioner, | Agency No. A072-989-520 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024**
Pasadena, California

Before: GRABER, IKUTA, and FORREST, Circuit Judges.

Petitioner Marcia Marcela Castillo-Santana, a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an

immigration judge's ("IJ") denial of her applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").  We deny the petition.

"When the BIA affirms without opinion under its streamlining procedures, the BIA endorses the result reached by the IJ," so "[t]he IJ's decision is the final agency determination."  Landin-Molina v. Holder, 580 F.3d 913, 917 n.6 (9th Cir. 2009) (citing 8 C.F.R. § 1003.1(e)(4)).  Accordingly, "we review the IJ's decision as we would a decision of the BIA."  Id. (citing Lanza v. Ashcroft, 389 F.3d 917, 925 (9th Cir. 2004)).  "We review purely legal questions de novo, and the agency's factual findings for substantial evidence."  Perez-Portillo v. Garland, 56 F.4th 788, 792 (9th Cir. 2022).  Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

1.  When, as here, the BIA holds that a petitioner's application for asylum was untimely, we review the BIA's determination of whether the undisputed facts constituted "changed or extraordinary circumstances."  Al Ramahi v. Holder, 725 F.3d 1133, 1138 (9th Cir. 2013).  Petitioner alleges that she began receiving threatening letters in or around 2014.  But she did not apply for asylum until June 2017—two to three years after she began receiving the letters and more than one year after the Government initiated removal proceedings.  Petitioner also failed to submit any evidence as to conditions in Mexico in 2014 to show changed country

conditions. Accordingly, Petitioner's asylum claim fails.

2. Substantial evidence supports the denial of withholding of removal. Petitioner has not identified evidence that compels the conclusion that her proposed particular social group is socially distinct in Mexican society. See Matter of W-G-R-, 26 I&N Dec. 208, 214 (BIA 2014) (describing social distinction), vacated and remanded in part on other grounds by Reyes v. Lynch, 842 F.3d 1125, 1143 (9th Cir. 2016). Henriquez-Rivas v. Holder, 707 F.3d 1081 (9th Cir. 2013) (en banc), is not applicable because Petitioner did not testify as a witness in a criminal proceeding.

3. Finally, regarding CAT protection, Petitioner failed to meet her burden of proving that it is more likely than not that she would be tortured if returned to Mexico. See Maldonado v. Lynch, 786 F.3d 1155, 1163 (9th Cir. 2015) (stating standard). Petitioner has never been tortured in Mexico in the past, and she has traveled to and from Mexico, without incident, for more than a decade. Petitioner attributes her fear of being tortured to the 2016 kidnapping and torture of her partner in Tijuana. But she failed to establish a "particularized threat of torture" against her. Dhital v. Mukasey, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (emphasis omitted). Moreover, the BIA permissibly ruled that relocating to another part of Mexico remains a reasonable option for her.

**PETITION DENIED.**